## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CHRISTINA L. DEARIEN and**
**THOMAS G. DEARIEN, her husband**

      **Plaintiffs,**

**v.**                                        **Civil Action No.:**  2:20-cv-00285

**UNION CARBIDE CORPORATION,**
A New York Corporation, et al.,

      **Defendants.**

### NOTICE OF REMOVAL

TO:    The United States District Court
          Southern District of West Virginia

        Defendants, Union Carbide Corporation ("Union Carbide") and The Dow Chemical

Company ("TDCC"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441,

and 1446, hereby give notice that Civil Action No. 19-C-433, filed in the Circuit Court of Kanawha

County, West Virginia and captioned <u>Christina L. Dearien and Thomas G. Dearien, her husband v.</u>

<u>Union Carbide Corporation., et al., defendants</u> (the "State Court Action"), is removed to the United

States District for the Southern District of West Virginia.  In support thereof, Union Carbide and

TDCC state as follows:

        1.     Plaintiffs filed their complaint ("Complaint" or "Compl.") in the State Court Action

on May 1, 2019, less than one year before the date of the Notice of Removal.

        2.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served

on Union Carbide and TDCC in the State Court Action is attached hereto as **Exhibit A.**[1]

---

[1] Pursuant to Local Rule 3.4(b), Defendants, Union Carbide and TDCC, contacted the Circuit Court of Kanawha County, West Virginia to obtain a certified docket sheet for this matter.  However, in light of the COVID-19 pandemic and the Judicial Emergency Order entered by the Supreme Court of Appeals of West Virginia, Defendants were advised that a (footnote continued)

3.      The Complaint asserts, *inter alia*, that Plaintiff Christina Dearien was exposed to various chemicals during the course of her employment at Union Carbide's chemical production plant in West Virginia, causing her to develop colorectal carcinoma. See Compl. at ¶¶ 4, 10, 16.

4.      As an initial matter, this removal involves the fraudulent joinder doctrine which "is a narrow exception to the complete diversity requirement." Horne v. Lightning Energy Servs., LLC, 123 F. Supp. 3d 830, 836 (N.D. W.Va. 2015).

5.      The fraudulent joinder doctrine also is a well-recognized exception to the so-called "voluntary-involuntary dismissal rule," which prohibits federal courts from exercising diversity jurisdiction over a case that has been removed after the involuntary dismissal of the non-diverse defendants as opposed to some voluntary action on the part of the plaintiff. As such, the "voluntary-involuntary dismissal rule" does not apply to this removal. See, e.g., Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1166 (4th Cir. 1988) (while diversity is generally established at the time of removal, "a case may nevertheless not be removable depending on whether the non-diverse party [was] eliminated from the state action by voluntary or involuntary dismissal.") (citation omitted); Farley v. Argus Energy, LLC, No. 2:08-00818, 2008 WL 2789948, at *2 (S.D. W.Va. July 16, 2008) (the fraudulent joinder doctrine operates as an exception to the voluntary-involuntary dismissal rule) (citing Arthur v. E.I. du Pont, 798 F. Supp. 367, 369 (S.D. W.Va. 1992)).

## DIVERSITY JURISDICTION
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

6.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds $75,000.00, exclusive of interests and

---

certified docket sheet could not be provided at this time. As such, Defendants have attached an up to date docket sheet from West Virginia Circuit Express and agree to provide a certified docket sheet once the Judicial Emergency Order has been lifted.

costs, and the suit is between citizens of different states and is, therefore, removable under the provisions of 28 U.S.C. § 1441, et seq.

      7.     The Plaintiffs, Christina Dearien and Thomas Dearien, are citizens and residents of Kanawha County, West Virginia. See Compl. at ¶ 1.

      8.     Union Carbide is a New York corporation having its principal place of business located in Midland, Michigan. Union Carbide is not now—and was not at the time Plaintiffs' Complaint was filed—domiciled in the state of West Virginia.

      9.     TDCC is a Delaware corporation having its principal place of business located in Midland, Michigan. TDCC is not now—and was not at the time Plaintiffs' Complaint was filed—domiciled in the state of West Virginia.

      10.    Defendant Univar Solutions USA Inc. f/k/a Univar, Inc. ("Univar") is a Washington corporation with its principal place of business in Illinois. Univar is not now—and was not at the time Plaintiffs' Complaint was filed—domiciled in the state of West Virginia.

      11.    Defendant Spectrum Chemical Manufacturing Corporation is a California corporation having its principal place of business located in New Brunswick, New Jersey. Spectrum Chemical Manufacturing Corporation is not now—and was not at the time Plaintiffs' Complaint was filed—domiciled in the state of West Virginia.

      12.    Defendant Allnex USA, Inc. is a Delaware corporation having its principal place of business located in Alpharetta, Georgia. Allnex USA, Inc. is not now—and was not at the time Plaintiffs' Complaint was filed—domiciled in the state of West Virginia.

      13.    New River Trucking, LLC ("New River Trucking") is a West Virginia limited liability company and therefore is the only non-diverse defendant. New River Trucking has been improperly joined in this action, so the citizenship of this defendant must therefore be ignored for

jurisdictional purposes. See Horne, 123 F. Supp. 3d at 836 (when exercising diversity jurisdiction,

federal courts can ignore the citizenship of certain non-diverse defendants if the plaintiff fraudulently

joined them to defeat diversity) (citing Jackson v. Allstate Ins. Co., 132 F. Supp. 2d 432, 433 (N.D.

W.Va. 2000)).   As detailed below, Plaintiffs have no possible claim against the non-diverse

defendant, New River Trucking.   Consequently, its joinder in this action constitutes an improper,

wrongful and "fraudulent" joinder under applicable law.

      14.    Plaintiffs' Complaint asserts one claim for negligence against New River Trucking.

See Compl. at Count Seven.   Specifically, Plaintiffs allege **"[u]pon information and belief,**

defendant New River, at times relevant hereto, delivered various chemical components to the Dow

West Virginia Operation used in the manufacturing of Dow surfactant products." Compl. at ¶ 54

(emphasis added); see also id., ¶ 55 **("[u]pon information and belief,** defendant New River . . .

delivered toxic chemicals for Carbide employees . . . to off-load at the Kanawha County facility.")

(emphasis added).[2]

---

[2] As other federal courts have observed, a plaintiff cannot avoid the necessity of pleading a plausible claim supported by factual allegations merely by asserting statements "upon information and belief" without explaining the basis for the belief, as Plaintiffs have done here.  See Mann v. Palmer, 713 F.3d 1306, 1315 (11th Cir. 2013) (finding that the court does "not have to take as true . . . allegations **'upon information and belief'**") (emphasis added); Norfolk S. Ry. Co. v. Boatright R.R. Prods., Inc., 2018 U.S. Dist. LEXIS 84434, * 5 (N.D. Ala., May 21, 2018) ("[a]llegations founded on **'information and belief'** are not entitled to a presumption of truth at the pleading stage) (emphasis added); Smith v. City of Sumiton, 578 F. App'x 933, 935 n.4 (11th Cir. 2014) ("for purposes of a Rule 12(b)(6) motion to dismiss, we do not have to take as true allegations based merely **'upon information and belief'**") (emphasis added); United States ex rel. Doe v. Dow Chem. Co., 343 F.3d 325, 329 (5th Cir. 2003) ("[W]hile allegations may be based **upon information and belief,** 'the complaint must set forth the factual basis for such belief.'") (quoting United States ex rel. Thompson v. Columbia/HCA Healthcare Corp., 125 F.3d 899, 903 (5th Cir. 1997)); Haggood v. Rubin & Rothman, LLC, No. 14-CV-34L SJF AKT, 2014 WL 6473527, at *12 (E.D.N.Y. Nov. 17, 2014) ("Since all of plaintiffs' allegations, made **'upon information and belief,'** pertaining to the treatment non-African American employees received at R & R are entirely conclusory, they are not entitled to the assumption of truth and are insufficient to withstand a motion to dismiss.") (emphasis added); De Leon v. Ocean Motion Watersports, Ltd., No. 13-cv-218-SM, 2016 WL 3911880, at *2 (D.N.H. July 13, 2016) (holding that plaintiff failed to make out a prima facie case of personal jurisdiction because she "has done nothing to substantiate the minimal assertions that she makes **'upon information and belief'** in her amended complaint") (emphasis added); D'Alessandro v. City of New York, 713 F. App'x 1, 6-7 (2d Cir. 2017) ("To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide enough fact to raise a reasonable expectation that discovery will reveal evidence of illegality.  D'Alessandro's complaint contains mere conclusory allegations of fraud, see, e.g., FAC ¶ 14 ('**Upon information and belief,** a signed copy of the indictment was never filed with the court....'); FAC ¶ 23 ('**Upon information and belief,** Defendant Morris never obtained a signed indictment until the superseding indictment, (footnote continued)

15.     Plaintiffs have <u>not</u> actively litigated their case against New River Trucking, having

served no written discovery upon and having requested no depositions from New River Trucking

during the pendency of the State Court Action.  <u>See</u> <u>Massey v. 21st Century Centennial Ins. Co.</u>,

2017 U.S. Dist. LEXIS 119431 (S.D. W.Va. July 31, 2017) (plaintiff's failure to actively litigate her

case against non-diverse defendant was direct evidence plaintiff acted in bad faith in order to prevent

diverse defendant from removing action in accordance with 28 U.S.C. § 1446(c)).

16.     On April 16, 2020, counsel for New River Trucking sent a letter to Plaintiffs' counsel

requesting voluntary dismissal from the State Court Action and enclosing an affidavit executed by

Jeff Branham ("Branham Affidavit"), the managing member of New River Trucking, establishing

there is no possibility that the Plaintiffs would be able to sustain a cause of action against New River

Trucking in the State Court Action.  The April 16, 2020 letter and enclosed Branham Affidavit are

attached as **Exhibit B**.  In pertinent part the Branham Affidavit states:

> 3.  New River Trucking, LLC was in the business of transporting
> goods between 1999 to February 2012.
>
> 4.  During this time, New River Trucking, LLC had numerous
> transportation contracts with various chemical shippers across the
> United States; **however, at no time did New River Trucking, LLC
> transport, deliver or store any chemical, chemical component,
> product or other material from or to any Union Carbide or Dow
> Chemical Company facility**.

---

and thus proceeded with a wholly unauthorized initial prosecution.'), **none of which we accept as true**.  D'Alessandro
has thus not sufficiently nudged his claims of fraud or forgery—to the extent that he makes them—across the line from
conceivable to plausible.") (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S.
662, 679 (2009), other citations, footnote and internal quotation marks omitted; emphasis added); <u>Sharpe v. City of New
York</u>, 560 F. App'x 78, 80 (2d Cir. 2014) ("[Plaintiff] merely alleges that . . . **'[u]pon information and belief,'** Sharpe's
father's campaign against Parker 'was a fact known to Defendant HYNES and other members of the KINGS COUNTY
D.A.'S OFFICE.' These statements are 'wholly conclusory,' <u>id</u>. at 561, 127 S. Ct. 1955, because they are unsupported
by factual allegations about how or why Hynes and other unidentified members of the KCDAO knew about the elder
Sharpe's candidacy." (citing <u>Twombly</u>; emphasis added); <u>see also Yamashita v. Scholastic Inc.</u>, 936 F.3d 98, 107 (2nd
Cir. 2019) ("we cannot accept [plaintiff's] argument that we should casually deem his entirely generic allegations of
breach, pleaded **'upon information and belief,'** sufficient [to survive a Rule 12(b)(6) motion] simply because the facts
regarding [defendant's] actual use of the licensed material are 'peculiarly within [defendant's] possession and control.'")
(emphasis added).

> 5. **At no time did New River Trucking, LLC ever do any business of any kind with Union Carbide or Dow Chemical Company at the Union Carbide South Charleston, West Virginia or Union Carbide North Charleston, West Virginia facilities.**
>
> 6. New River Trucking, LLC was a completely separate corporation from New River Chemical Company, Inc. d/b/a New River Trucking.
>
> 7. In February 2012 I [Jeff Branham] sold all assets, properties, contracts and rights of New River Trucking, LLC to Liquid Transport Corporation, a Dana Company.
>
> 8. New River Trucking, LLC ceased any and all shipping operations after the sale and cancelled its Federal DOT and Motor Carrier numbers.
>
> 9. New River Trucking, LLC remains a going concern but only to the extent that I [Jeff Branham] have been retained as a consultant to Liquid Transport to service the New River Trucking accounts purchased as part of the sale, **none of which involved deliveries to Dow Chemical or Union Carbide.**
>
> 10. I [Jeff Branham] provided all of this information to attorney R. Dean Hartley in 2019 by correspondence (attached as Exhibit A) and attorney Hartley acknowledged my correspondence (Exhibit B).

Exhibit B (emphasis added).

      17.    Likewise, the Branham Affidavit references and attaches prior correspondence sent

to Plaintiff's Counsel, R. Dean Hartley, dated May 13, 2019, wherein Mr. Branham stated as

follows:

> The complaint asserts that New River Trucking, LLC transported/delivered Surfactant Products to Union Carbide/Dow Chemical Company during the stated period of February 2013 to April of 2017. I (Jeff Branham) was the Owner/President & CEO of New River Trucking, LLC from 1999 to 2012 and was responsible for all transportation contracts, mileage rates, safety/compliance Federal & State, compliance, fiduciary responsibilities the safety & wellbeing of all New River Trucking, LLC employees and meeting the requirements of our customers.

> New River Trucking, LLC had numerous transportation contracts with various chemical shippers across the U.S. including some in the Kanawha Valley. New River Trucking, LLC at no time had a transportation contract with Union Carbide/The Dow Chemical Company or at no time transported, delivered, or stored ECOURF (sic), DOWFAX, TRITON, or TERGITOL for or to any Union Carbide or Dow Chemical Company plants.

See Exhibit B (Exhibit A to Affidavit of Branham Affidavit). On May 21, 2019, Mr. Branham again wrote to Plaintiff's Counsel, R. Dean Hartley, stating: "…As stated in my previous correspondence to you, my company New River Trucking, LLC never transported Dow Chemical/Union Carbide products nor did New River Trucking, LLC deliver any chemical products to Dow Chemical or Union Carbide at any time…." See id.

18.    Under the fraudulent joinder doctrine, diversity cannot be defeated by the presence of an improperly joined non-diverse defendant. See Horne, 123 F. Supp. 3d at 841. The moving party can establish fraudulent joinder by demonstrating there is no possibility plaintiffs would be able to establish a cause of action against the in-state defendant. Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993); Potter v. Metropolitan Life, 2011 U.S. Dist. Lexis 138602 (S.D. W.Va.). Furthermore, as previously noted, the United States District Court for the Southern District of West Virginia recognizes that "a claim of fraudulent joinder is a well-established exception to the voluntary-involuntary [dismissal] rule." Lewis v. Armstrong Steel Erectors, 992 F. Supp. 842, 844 (S.D. W.Va. 1998) (internal citations and quotations omitted); Farley, No. 2:08-cv-00818, 2008 WL 2789948, at *2.

19.    As demonstrated herein, Plaintiffs cannot possibly prevail as to their single cause of action against New River Trucking. Indeed, the Branham Affidavit -- together with Union Carbide's and TDCC's own investigation into their own records -- make clear that New River Trucking never did any business with any Union Carbide (or TDCC) facility in the State of West Virginia, much less

transported, delivered or stored any chemical, chemical component, product or other material from or to any Union Carbide or TDCC facility, to which Plaintiff, Christina Dearien, was exposed. See Exhibit B, ¶¶ 4-5, 9; See also, 04/17/20 Declaration of R. Roberts, attached as **Exhibit C,** ¶ 9 (indicating that "[b]ased on a good faith review of records created and maintained by Union Carbide Corporation and The Dow Chemical Company, Inc. in their regular course of businesses, the records of Union Carbide Corporation and The Dow Chemical Company, Inc. are consistent with the statements made by Mr. Branham that New River Trucking, LLC did not do any business of any kind with Union Carbide Corporation or The Dow Chemical Company, Inc. in West Virginia."); Dongxiao Yue v. Chun-Hui Miao, No. 3:18-3467-MGL, 2019 WL 6130473, *11 (D. S.C. Nov. 19, 2019) ("[defendant's] declaration resolves the issue over the allegations [made upon information and belief] in [plaintiff's] complaint."), citing Schoenbaum v. Firstbrook, 405 F.2d 200, 209 (2d Cir. 1968) ("[F]actual issues [are] resolved against the plaintiff wherever defendants' affidavits conflict with the unsupported allegations of the complaint upon information and belief."), abrogated on other grounds by Morrison v. Nat'l Austl. Bank Ltd., 561 U.S. 247 (2010).

20.     Pursuant to the fraudulent joinder doctrine, this constitutes fraudulent joinder designed to defeat diversity jurisdiction. Because fraudulent joinder exists, this Court is permitted to disregard, for jurisdictional purposes, New River Trucking's state of incorporation and principal place of business, assume jurisdiction over the case, dismiss New River Trucking, and thereby retain jurisdiction. Mays v. Rapport, 198 F.3d 457 (4th Cir. 1999); Horne, 123 F. Supp. 3d at 841.

21.     Complete diversity exists between the remaining parties.

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

22.     Plaintiffs allege that Christina Dearien contracted colorectal cancer as a result of alleged exposure to "benzene-containing compounds, solvent naphthalene, ethylene oxide, propylene

oxide, TMI Meta, Solvent 23855, sodium metabisulfite, and cresol" while employed by Union Carbide at the Union Carbide Triton Facility in South Charleston, West Virginia. See, e.g., Compl., ¶¶ 10, 14-17. Plaintiffs' Complaint further alleges that as a result of her alleged injuries, Christina Dearien has incurred "medical expenses by way of doctor, hospital, and drug bills"; has suffered "great pain, extreme nervousness and mental anguish"; has suffered an impairment of her enjoyment of life and a "greatly reduced" life expectancy; and her ability to work and earn a living has been greatly impaired – all of which Plaintiffs assert they are entitled to recover as damages in this action. See, e.g., id., ¶¶ 64-68.

23. Plaintiff Christina Dearien's medical bills and alleged lost wages as of the date of the Notice of Removal together exceed the $75,000 amount in controversy threshold, with Ms. Dearien earning in excess of $74,000 annually at the time of her "retirement" from the Union Carbide facility at the age of 48 in 2018. See generally, Exhibit B to Plaintiffs' Complaint (indicating that Ms. Dearien has been receiving medical treatment since June 7, 2017); see also Exhibit B to Plaintiffs' Complaint (indicating that Plaintiff, Christina Dearien is 48 years old and retired as of October 8, 2018, following diagnosis of "terminal colon cancer") and Paragraph 68 of Plaintiffs' Complaint (alleging that "[a]s a result of the development of colorectal cancer, Dearien's ability to work and earn a living was greatly impaired....").[3]

24. Furthermore, Plaintiffs also seek noncompensatory damages, including pain and suffering, punitive damages against all defendants except Union Carbide, and loss of consortium on behalf of Plaintiff, Thomas Dearien. See, e.g., Compl., ¶¶ 61-63, 65, & prayer for relief (p. 19); see Hicks v. Herbert, 122 F. Supp. 2d 699, 701 (S.D. W.Va. 2000) ("A good faith claim for punitive

---

[3] Union Carbide and TDCC have not attached Plaintiff Christina Dearien's medical and/or wage records due to confidentiality and privacy concerns but are prepared to present such records to the Court for *in camera* review should Plaintiffs contest the amount-in-controversy requirement is satisfied or if the Court requires further evidence.

damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action.") (citation omitted); Smith v. Perry, 178 W.Va. 395, 397, 359 S.E.2d 624, 625 (1987) (under West Virginia law, punitive damages are recoverable in tort actions, "where gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear[.]"); see also Bryant v. Wal-Mart Stores East, Inc., 117 F. Supp. 2d 555, 556 (S.D. W.Va. 2000) ("[A] request for punitive damages, where properly recoverable, inevitably inflates a plaintiff's potential recovery.").

25.     "A defendant's notice of removal is not required to meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint." Martin v. Moody, 2016 U.S. Dist. LEXIS 128776, *4-5 (S.D. W.Va. Sept. 21, 2016) (citing Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 200 (4th Cir. 2008) ("[J]ust as a plaintiff's complaint sufficiently establishes diversity jurisdiction if it alleges that the parties are of diverse citizenship and that '[t]he matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332' . . . so too does a removing party's notice of removal sufficiently establish jurisdictional grounds for removal by making jurisdictional allegations in the same manner.") (citation omitted).

26.     In short, it is facially apparent from the damages sought in Plaintiffs' Complaint and the information discovered to date that the amount in controversy in this matter exceeds $75,000. See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); Scott v. Cricket Commc'ns, LLC, 865 F.3d 189, 196 (4th Cir. 2017) ("The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover, but 'an estimate of the amount that will be put at issue in the

course of the litigation.'") (quoting McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008));

Fahnestock v. Cunningham, 5:10CV89, 2011 WL 1831596, at *2 (N.D. W.Va. May 12, 2011) ("The

amount in controversy is determined by considering the judgment that would be entered if the

plaintiffs prevailed on the merits of his case as it stands at the time of removal" (internal citations

omitted)); Scaralto v. Ferrell, 826 F. Supp. 2d 960, 968 (S.D. W.Va. 2011) ("Lacking an expressed

statement of the amount claimed [in the complaint], a court looks to the totality of the circumstances,

including the complaint, the type and extent of the plaintiff's injuries, the amounts awarded in

similar cases, and losses incurred to date of removal."); see also Mullins v. Harry's Mobile Homes,

861 F. Supp. 22, 24 (S.D. W.Va. 1994) ("[t]he Court is not required to leave its common sense

behind when evaluating the amount in controversy.").

## ALL NECESSARY DEFENDANTS CONSENT TO REMOVAL

27.     Univar, Spectrum Chemical Manufacturing Corp., and Allnex USA, Inc.—the

remaining defendants which were not improperly joined—have given their written consent to this

removal which consents are attached as **Exhibits D, E** and **F** respectively. 28 U.S.C. 1446(b)(2).

## REMOVAL IS TIMELY AND VENUE IS PROPER

28.     Plaintiffs' Complaint was filed on May 1, 2019—less than one year before the date

of the Notice of Removal.

29.     Generally, a defendant must file a notice of removal within 30 days of service or

receipt of the initial pleading. See 28 U.S.C. § 1446(b)(1). If the claims set forth in the initial

pleading are not removable, a defendant may file a notice of removal within 30 days of receiving "an

amended pleading, motion, order or other paper from which it may be ascertained that the case is one

which is or has become removable." Id. at § 1446(b)(3); see Yarnevic v. Brink's, Inc., 102 F.3d 753,

755 (4th Cir. 1996) ("The 'motion, order or other paper' requirement is broad enough to include any

information received by the defendant, 'whether communicated in a formal or informal manner.'") (citation omitted); Martin v. Moody, 2016 U.S. Dist. LEXIS 128776 at *6 ("[T]he term 'other paper' has been construed to include, for example, requests for admissions, deposition testimony, settlement offers, answers to interrogatories, briefs, and product identification documents given in discovery.") (citation omitted). The only exception to § 1446(b)(3) is that a case may not be removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332 "more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c).[4]

30. Having been filed less than one year after commencement of the action, Union Carbide and TDCC's removal is timely made within thirty-days of their receipt of the Branham Affidavit and the April 16, 2020 letter from New River Trucking's counsel, establishing that New River Trucking had been wrongfully joined in this action. See generally, Franklin v. Mfrs. & Traders Trust Co., 2018 U.S. Dist. LEXIS 120527, * 10-11 (S.D. W.Va. July 19, 2018) (holding that 28 U.S.C. §§ 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-

---

[4] The United States Court of Appeals for the Fourth Circuit has adopted the following test for determining when a defendant could first ascertain that a case is removable:

> [W]e conclude only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscured or omitted, or indeed misstated, that circumstance makes the case "stated by the initial pleading" not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal. . . .

> [W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial regarding who knew what and when. Rather, we will allow the court to rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or subsequent paper.

Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997).

day deadlines created by 28 U.S.C. § 1446(b), and finding removal proper where Defendants removed within the one year time period set forth under 28 U.S.C. § 1446(c)(3)); accord, Estate of Linda Fay Fraire, et. al. v. Transam Trucking, Inc., 2019 U.S. Dist. LEXIS 24993, * 7 (N.D. W.Va. Feb. 15, 2019); see also Atkins v. AT&T Mobility Servs., 2019 U.S. Dist. LEXIS 178208, * 20 (S.D. W.Va. Oct. 15, 2019) (finding the thirty-day period for removal under 28 U.S.C. § 1446(b) was not triggered "because the plaintiffs did not provide [defendant] AT&T with sufficient facts by which the amount in controversy could be reasonably or readily ascertained from the 'four corners' of an 'amended pleading, motion, order or other paper.' AT&T was [therefore] permitted to remove at any time upon discovering, by its own investigation, removability under CAFA."); Dempsey v. Nationstar Mortg., LLC, 2017 U.S. Dist. LEXIS 197734 (S.D. W.Va. Dec. 1, 2017) (rejecting plaintiff's argument that removal was untimely where the "other papers" upon which defendant had relied to remove case were actually papers defendant had in its possession and had generated itself).

31.    Venue is proper in this Court pursuant to 28 U.S.C. §1441(a), in that this district and division embrace the place where the action was filed and is therefore pending.

32.    Pursuant to 28 U.S.C. § 1446(d) and promptly after the filing of this notice of removal, Union Carbide and TDCC will give written notice of this Notice of Removal to all parties in the State Court Action, and Union Carbide and TDCC will file a copy of this Notice of Removal with the clerk of the Circuit Court of Kanawha County, State of West Virginia– the court in which the State Court Action was originally filed.

Wherefore, because this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, Union Carbide Corporation and The Dow Chemical Company hereby remove the action from the Circuit Court of Kanawha County, West Virginia to the United States District Court

for the Southern District of West Virginia and respectfully request that New River Trucking, LLC be

dismissed as a defendant.

Dated this 23rd of April, 2020.

**UNION CARBIDE CORPORATION and
THE DOW CHEMICAL COMPANY**

By Counsel:


*/s/Patricia M. Bello*
R. Scott Masterson, Esquire (WV Bar #10730)
Patricia M. Bello, Esquire (WV Bar #11500)
LEWIS BRISBOIS BISGAARD & SMITH LLP
707 Virginia Street, E., Suite 1400
Charleston, West Virginia 25301
(304) 553-0166/(304) 932-0265 (F)
Scott.masterson@lewisbrisbois.com
Patricia.bello@lewisbrisbois.com
***Counsel for Union Carbide Corporation***



*/s/Floyd E. Boone, Jr.*
Floyd E. Boone, Jr., Esquire (WV Bar #8784)
BOWLES RICE LLP
600 Quarrier Street
Post Office Box 1386
Charleston, WV  25325-1386
(304) 347-1100/(304) 347-1756 (F)
fboone@bowlesrice.com
***Counsel for The Dow Chemical Company***

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CHRISTINA L. DEARIEN and**
**THOMAS G. DEARIEN, her husband**

     **Plaintiffs,**

v.                                     **Civil Action No.:**_____

**UNION CARBIDE CORPORATION,**
A New York Corporation, et. al.;

     **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 23rd day of April, 2020, the foregoing

**"NOTICE OF REMOVAL"** was electronically filed with the Clerk of the Court using the CM/ECF

system, which will send a Notice of Electronic Filing to, and constitutes service on, counsel of

record as follows:

        Robert V. Berthold, Jr., Esq.
        Robert V. Berthold, III, Esq.
        **BERTHOLD LAW FIRM, PLLC**
        208 Capitol Street
        Charleston, WV 25301
        rvb@bertholdlaw.com
        rvb3@bertholdlaw.com

        and

        R. Dean Hartley, Esq.
        Mark R. Staun, Esq.
        Sean X. Xing , Esq.
        **HARTLEY LAW GROUP, PLLC**
        2001 Main Street, Suite 600
        Wheeling, WV  26003
        dhartley@hartleylawgrp.com
        mstaun@hartleygrp.com
        sxing@hartleylawgrp.com
        ***Counsel for Plaintiffs***

Floyd E. Boone Jr. , Esq.
**BOWLES RICE LLP**
P. O. Box 1386
Charleston, WV 25325-1386
***Counsel for The Dow Chemical Company***

Robert A. Lockhart, Esq.
**CIPRIANI & WERNER, P.C.**
500 Lee Street East, Suite 900
Charleston, WV 25301
rlockhart@c-wlaw.com
***Counsel for Spectrum Chemical***
***Manufacturing Corporation***

Sharon Z. Hall, Esq.
**ZIMMER KUNZ, PLLC**
243 Three Springs Dr., Suite 14A
Weirton, WV 26062
***Counsel for Defendant New River Trucking, LLC***

Marc E. Williams, Esq.
J. L. Brydie, Esq.
**NELSON MULLINS RILEY &**
**SCARBOROUGH, LLP**
949 Third Avenue – Suite 200
Huntington, WV 25701
***Counsel for Allnex USA, Inc.***

Michael Bonasso, Esq.
**FLAHERTY SENSABAUGH BONASSO,**
**PLLC**
P. O. Box 3843
Charleston, WV 25338
and
Steven M. Lucks, Esq.
David P. Lodge, Esq.
**FISHKIN LUCKS, LLC**
The Legal Center
One Riverfront Plaza – Suite 410
Newark, NJ 07102
***Counsel for Univar Solutions USA, Inc.***

/s/Patricia M. Bello
Patricia M. Bello, Esquire (WV Bar #11500)
LEWIS BRISBOIS BISGAARD & SMITH LLP
707 Virginia Street, E., Suite 1400
Charleston, West Virginia 25301
(304) 553-0166/(304) 932-0265 (F)
Patricia.bello@lewisbrisbois.com