IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHRISTINA L. DEARIEN, et al.,

        Plaintiffs,

v.                                           CIVIL ACTION NO.   2:20-cv-00285

UNION CARBIDE CORPORATION, et al.,

        Defendants.

**ORDER**

Before this Court is the motion filed by Plaintiffs Christina L. Dearien and Thomas G. Dearien (collectively, "Plaintiffs") to compel Defendant Union Carbide Corporation ("UCC") to provide complete responses to their discovery requests. (ECF No. 78.) Plaintiffs identify four claimed deficiencies with UCC's discovery responses. (*Id*. at 10–17.) Specifically, they argue that UCC has advanced improper boilerplate objections, has made claims of privilege or other protection without providing a privilege log, has unreasonably narrowed the scope of Plaintiffs' discovery requests, and has only partially responded to interrogatories for which it provided business records pursuant to Federal Rule of Civil Procedure 33(d). (*Id*.)

Plaintiffs' assertion that UCC's objections are insufficiently particularized is without merit. When a party objects to an interrogatory or a request for production, the grounds for its objections must be specifically set forth in the response. *Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co.*, 246 F.R.D. 522, 528 (S.D.W. Va. 2007). "[B]oilerplate objections regurgitating words and phrases from [Federal Rule of Civil Procedure] 26 are completely unacceptable." *Mills v. E. Gulf Coal Preparation Co.*, 259

F.R.D. 118, 132 (S.D.W. Va. 2009) (citing *Frontier-Kemper Constructors*, 246 F.R.D. at 258–59). Instead, the objections must "explain or demonstrate precisely why or how the party is entitled to withhold from answering." *VICA Coal Co. v. Crosby*, 212 F.R.D. 498, 503 (S.D.W. Va. 2003). UCC's objections to Plaintiffs' discovery requests comply with that directive. For instance, UCC's response to Interrogatory No. 1, although it invokes the language of Rule 26(b)(1), goes on to clarify exactly what it is about the discovery request that UCC finds objectionable:

> Union Carbide objects to this interrogatory as overbroad, unduly burdensome, not relevant to any party's claim or defense, compound with ten or more subparts, and not proportional to the needs of the case in that it is not limited to any relevant time period, to the exposure facts at issue in this case, to specific products upon which Plaintiffs' claims are based, to the industrial units of the premises at issue where exposure to any such product is alleged, or to tasks performed by Christina Dearien at times exposure is alleged. It is overbroad, burdensome, and oppressive because it requires Union Carbide to prepare a compilation of data. Union Carbide also objects to this interrogatory to the extent it seeks disclosure of Union Carbide's confidential and/or proprietary business information prior to entry of an appropriate protective order. Union Carbide further objects to this interrogatory as overbroad, vague, and ambiguous, particularly as to the terms/phrases "responsible for manufacturing" and "[responsible for] supplying[.]" The terms/phrases "responsible for manufacturing" and "[responsible for] supplying" require Union Carbide to speculate as to what information/documents might be responsive.

(ECF No. 78-2 at 4.) Surely this information is sufficient to alert Plaintiffs to the reasons why UCC finds Interrogatory No. 1 objectionable and to serve as a basis for further communications between the parties about what information UCC would be willing to provide. UCC offered similarly specific explanations for its objections to the other discovery requests. (ECF No. 78-2.) Its objections are sufficient and will not be stricken.

Plaintiffs' request for a privilege log appears moot in light of UCC's representation that it has withheld only two responsive documents and has provided a privilege log for those documents. (ECF No. 80 at 14; *see* ECF No. 80-2 at 37.) However, Plaintiffs now urge this Court to conduct an *in camera* review of one of the two documents. (ECF No. 84 at 12.) That is wholly unnecessary. UCC's privilege log clearly states that the withheld document contains information "relating to closely guarded chemical formulas for certain products manufactured" by UCC. (ECF No. 80-2 at 37.) This is plainly the type of confidential business information entitled to protection. *See Ohio Valley Envtl. Coal. v. Elk Run Coal Co.*, 291 F.R.D. 114, 119 (S.D.W. Va. 2013) (defining confidential commercial information as "important proprietary information that provides the business entity with a financial or competitive advantage when it is kept secret and results in financial or competitive harm when it is released to the public"). Plaintiffs also argue that UCC has inappropriately redacted portions of certain "contractual documents" that have been produced in response to multiple discovery requests on the bases that the redacted information is proprietary or not relevant. (ECF No. 78 at 13–14.) UCC has provided a "redaction log" to Plaintiffs detailing the redacted information. (ECF No. 80-2 at 38–40.) The redaction log reflects that aside from information relating to the chemical formulas of UCC's products, it has also redacted financial and pricing

3

information and information dealing with other "units and sites" and non-party individuals. (*Id.*) Plaintiffs do not explain how this information bears on their claims in this action. (ECF No. 84 at 11–12.) Instead, they assert that this Court should order supplemental briefing about whether the redactions were appropriate. (*Id.* at 12.) This is likewise unnecessary. Although "redaction of documents produced in discovery to exclude non-responsive or otherwise irrelevant information is generally disfavored," *Mid-State Auto., Inc. v. Harco Nat'l Ins. Co.*, No. 2:19-cv-00407, 2020 WL 1488741, at *7 (S.D.W. Va. Mar. 25, 2020), it appears that UCC's redactions are proper given the sensitive nature of the information withheld and its minimal, if any, relevance.

Plaintiffs' claimed issues with the way UCC interpreted its discovery requests could have—and should have—been addressed during the in-person or telephonic meet-and-confer conversations that Plaintiffs failed to undertake before filing the instant motion to compel. That Plaintiffs neglected this responsibility, which is clearly stated in Local Rule of Civil Procedure 37.1(b), but now ask this Court to independently review each and every discovery request and its attendant responses to declare how UCC should have answered is unreasonable. With regard to Interrogatory No. 3 and Request for Production No. 5, which Plaintiffs specifically identify in their motion, the extent of the discovery West Virginia's deliberate intent statute allows is immaterial because UCC represents that it "does not have a system related to morbidity or mortality of its employees and, thus, UCC has no information and/or documents responsive to Plaintiffs' requests." (ECF No. 80 at 17.)

Plaintiffs likewise should have discussed in their meet-and-confer efforts UCC's interrogatory responses for which it provided business records pursuant to Federal Rule of Civil Procedure 33(d). Given Plaintiffs' confusion about UCC's responses to

4

Interrogatories Nos. 5, 6, and 8, UCC seemingly could have been clearer in identifying the individuals about whom Plaintiffs seek information. To that end, providing business records that do not fully answer the question asked is plainly inadequate. *See* In re *Ethicon Pelvic Repair Sys. Prods. Liab. Litig.*, No. MDL 2327, 2013 WL 8744561, at *2 (S.D.W. Va. July 26, 2013) (describing "four criteria" that "must be met by the responding party to satisfy its obligations under Rule 33(d), including requirement that "the information sought by the interrogatory must be available in the records"). As such, UCC is **ORDERED** to supplement its responses to Interrogatories Nos. 5, 6, and 8. To the extent any of the individuals identified in response to Interrogatories Nos. 5, 6, and 8 are currently employed by UCC or any other entity that is named as a party to this action, Plaintiffs shall contact these individuals only through counsel, and UCC need not provide any further contact information for current employees. UCC shall provide the last known address of any former employees but shall have no further obligation to locate them.

For the foregoing reasons, Plaintiffs' motion to compel (ECF No. 78) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

**IT IS SO ORDERED**.

The Clerk is **DIRECTED** to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:   March 9, 2021

Dwane L. Tinsley
United States Magistrate Judge